

DA 08-0054

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 442N

IN RE THE MARRIAGE OF

BENNY QUINONES,

       Petitioner and Appellant,

  and

CATHERINE QUINONES,

       Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. ADR-1999-326
                Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Martin J. Eveland; Eveland Law Office, Helena, Montana

       For Appellee:

              Catherine Quinones, (self-represented); Helena, Montana

Submitted on Briefs:  October 1, 2008

Decided:  December 29, 2008

Filed:

_____
                         Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Benny Quinones ("Benny") appeals from the District Court's December 31, 2007, child support order. We affirm.

¶3 In its child support order, the District Court determined that Benny owes Catherine Quinones ("Catherine") $324 per month. The figure was based on "Catherine's annual income of $10,761 (including earned income credit) and Benny's annual income of $46,654." The District Court declined to impute full-time employment income to Catherine "because she takes care of the children after school and when school is not in session, saving the parties daycare expenses."

¶4 Benny appeals from the District Court's decision not to impute full-time income to Catherine. He contends that the court should have imputed income to her because she has a license as a professional manufacturing engineer and is voluntarily underemployed. He contends that the court's order failed to demonstrate that Catherine fell within any of the exceptions for imputation of income prescribed by Admin. R. M. 37.62.106(9) (2008). For example, according to Benny, there was no finding that Catherine was

2

disabled, that a legal dependent required her presence, or that there was no suitable work. Catherine contends that her situation is a result of the parties' choice to live in Montana and raise their children in this state. Catherine also contends that after the parties were married in Colorado, she had a job opportunity which she had to decline so she could move to Montana with Benny. Further, after she received her Professional Engineering license, she was offered a job in another state. Since Benny refused to move from Montana, she declined the job. Consequently, Catherine has never worked using her license and there are limited opportunities for a profession in manufacturing engineering in Helena, Montana.

¶5     The administrative guidelines provide that income should not be imputed when the court "makes a finding that other circumstances exist which make the imputation of income inequitable." Admin. R. M. 37.62.106(9). Based upon the history of the parties, we conclude that the District Court did not abuse its discretion in declining to impute full-time income to Catherine in light of their agreed upon child care arrangements.

¶6     Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE

3